UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 15-154 |
| DAMIAN BARNES | SECTION A(3) |

### ORDER AND REASONS

The following motion is before the Court: **Motion to Dismiss Indictment for Violation of the Speedy Trial Act (Rec. Doc. 317)** filed by defendant Damian Barnes. The Government has filed its opposition (Rec. Doc. 350), and Barnes has filed a reply (Rec. Doc. 358).

On June 12, 2015, a grand jury in the Eastern District of Louisiana returned a 45 count indictment ("the Indictment") against defendants Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, and Damian Barnes. Count 1 of the Indictment charges a RICO conspiracy in violation of 18 U.S.C. § 1962(d), which is supported by allegations of 55 "overt acts" by the various defendants in furtherance of the RICO conspiracy. The other 44 counts charged in the Indictment pertain to various drug and firearm offenses, and a dozen murders.

The case was originally set for trial on August 24, 2015 (Rec. Doc. 85, Arraignment Minute Entry 7/2/15). On August 13, 2015, the Court continued the trial, and on August 28, 2015, reset it for March 7, 2016, with the consent of all defendants. (Rec. Docs. 145 & 165, Minute Entries 8/13/15 & 8/28/15). The Court's 8/28/15 Minute

Entry states: "The Court finds that this case is complex due to the number of defendants, the nature of the prosecution and the existence of novel questions of fact and law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the limits established by Title 18 USC 3161 (h)(7)."

On December 30, 2015, the Government filed a Motion to Continue Trial (Rec. Doc. 248). In support of the request for a continuance the Government cited recent discovery production, the potential for plea negotiations, and the Court's prior finding of complexity. The Government advised the Court that it had spoken to defense counsel and that the attorneys for all defendants except Evans Lewis and Damian Barnes, consented to the continuance and agreed that they would benefit from more time to review discovery and discuss possible pleas with their clients. (*Id.* ¶ 6).

Defendant Damian Barnes filed a formal objection and opposition to the continuance arguing that the real party with the most to benefit from a continuance would be the prosecution. (Rec. Doc. 255). Barnes submitted a signed statement demanding his right to a speedy trial and explaining that he had instructed his attorney to object to the continuance. (Rec. Doc. 255-1 Exhibit A). Barnes acknowledged that his attorney would be out of the country for a month commencing on January 15th but he did not object to counsel's absence because it would not affect his attorney's preparedness.[1] (*Id.*).

---

[1] The Court notes that on his signed statement Barnes hand-wrote his first name as "Damien." (Rec. Doc. 255-1 Exhibit A). Meanwhile throughout the record he is referred to as "Damian."

At a status conference held on February 4, 2016, the parties were heard on the Government's contested motion to continue.[2] (Rec. Doc. 280, Minute Entry 2/4/16). The Court granted the continuance finding that the ends of justice served by granting the continuance outweighed the best interest of the public and the defendants in a speedy trial. (Rec. Doc. 281). In articulating its supporting reasons, the Court cited *inter alia* the number of defendants remaining for trial (10), the number of charged homicides (12), and the number of counts charged in the indictment. (*Id.*). As to Barnes, the Court specifically noted that his lack of concern regarding his lawyer's absence until mid-February was ill-conceived. (Rec. Doc. 280, Minute Entry 2/4/16 at 2).

Barnes now moves the Court to exclude the time computed in the second continuance and order that the indictment against him be dismissed with prejudice for violations of the Speedy Trial Act.[3] Barnes argues that there were no compelling reasons to continue the trial a second time based on complexity. Rather, according to Barnes, the Government requested the second continuance in order to delay having to produce *Jencks* and *Giglio* materials pertaining to Gregory Stewart and Darryl Franklin. Barnes argues that the Government needed more time to shore up the expected testimonies of Stewart and Franklin because the Government's entire case is riding on these cooperating witnesses. Barnes contends that the Government made a tactical decision to delay producing the obligatory Rule 16 discovery documents, even though all of this evidence was or should have been in the Government's possession since the

---

[2] The status conference took place during the time period when Barnes' counsel was out of the country. Another attorney from his firm attended in his place.

[3] Barnes does not challenge the first continuance to March 7, 2016, because he recognizes that the case was complex enough to justify that continuance.

time of indictment, and then moved to continue the trial by disingenuously suggesting that the defendants would need time to review everything. Barnes characterizes the Government strategy as a "self-sustaining situation," again crafted to delay having to present its case until it could bolster the testimony of Stewart and Franklin. Meanwhile, Barnes argues that he and his counsel were ready to proceed to trial on March 7th and that the only meaningful discovery that they lacked—in fact the only meaningful discovery in this case—was the *Jencks* and *Giglio* materials on Stewart and Franklin.

Under the Speedy Trial Act, 18 U.S.C. § 3161, *et seq.*, the trial of a defendant must commence within seventy non-excludable days from the time an indictment has been filed or from the date of the defendant's initial appearance, whichever is later. *United States v. Franklin*, 148 F.3d 451, 454-55 (5th Cir. 1998) (citing 18 U.S.C. §§ 3161-3174 (1994)). Excludable periods of delay are outlined in § 3161(h). *Id.* The Act identifies one such excludable delay allowing the district court to grant a motion to continue "on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." *United States v. Hale*, 685 F.3d 522, 535 (5th Cir. 2012) (citing 18 U.S.C. § 3161(h)(7)(A)). But no ends-of-justice continuance can be granted because of "lack of diligent preparation or failure to obtain available witnesses on the part of the attorney for the Government." *Id.* (quoting 18 U.S.C. § 3161(h)(7)(C)).

In multi-defendant cases, § 3161(h)(6) provides for the exclusion from the 70 day speedy trial period of a "reasonable period of delay when the defendant is joined for trial with a codefendant as to whom time for trial has not run and no motion for severance

has been granted." Also, the excludable delay of one codefendant may be attributable to all codefendants. *Franklin*, 148 F.3d at 455.

Barnes' assertions regarding dilatory tactics by the Government notwithstanding, the Court remains persuaded that a short continuance of the trial from its March 7, 2016 setting was proper under 18 U.S.C. § 3161(h)(7)(A). This case has 10 defendants remaining for trial in a criminal case with a 45 count indictment that charges multiple murders and a sprawling RICO conspiracy that spans several years and that itself includes 55 overt acts. The case is expected to take a full three weeks to try. The stakes for the remaining defendants could not be higher in light of the potential sentences that the crimes charged will carry. When the continuance was granted, all parties envisioned that the motion practice associated with this case would be significant, and that the case would present novel issues related to the application of double jeopardy, due process, and *Bruton* in light of the prior criminal proceedings that many of the defendants were involved in. Counsel for the defendants did not disappoint and the Court has already addressed numerous motions and more are expected to follow. To be sure, all of these "complexity" factors were known to the Court and counsel when the March 7th date was selected. But as the date started to approach and it became clear that the indictment would not be dismissed as to any defendant, all parties with the exception of two defendants believed that their interests would be better served by allowing for some additional time to prepare for trial rather than proceeding on March 7th.

That said, it is not inconceivable that a much shorter continuance of the March 7th trial date would have been sufficient. But once the decision to continue the trial date was made, the Court had to coordinate a minimum three week block of time on the trial

calendars of every attorney in the case. September 6, 2016, was the first date that accommodated the additional time needed to prepare for trial and the calendars of counsel and the Court. Thus, the Court is persuaded that continuing the trial to a date six months out was reasonable under the circumstances and that the time is excludable under § 3161(h)(7)(A) ("ends-of-justice").

The Court appreciates that Barnes and his counsel were apparently ready to go to trial on March 7, 2016, and that Barnes did not want the continuance. But a joint trial in this case is appropriate in light of the nature of the charges at issue in this case. Because a joint trial is appropriate and severance is not an option, the time that has elapsed and will elapse between the March 7th trial setting and the September 6th trial setting is excludable under the Act as to all defendants, including those who objected to the continuance.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Dismiss Indictment for Violation of the Speedy Trial Act (Rec. Doc. 317)** filed by defendant Damian Barnes is **DENIED.**

May 13, 2016

_____
JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE